UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KARLO A. MATANZO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:26-cv-00063-ACL |
| | ) | |
| ST. CHARLES COUNTY JAIL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon self-represented plaintiff Karlo A. Matanzo's application to proceed without prepayment of the required filing fees and cost. [Doc. 3]. Having reviewed the application and the financial information submitted in support, the Court will grant the application, waive prepayment of the filing fee, and permit plaintiff to proceed *in forma pauperis*. Because plaintiff is proceeding *in forma pauperis*, the Court must review his complaint under 28 U.S.C. § 1915. Based on such review, the Court will dismiss the complaint for failure to state a claim.

### **Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the court to draw upon judicial experience and common sense. *Id*. at 679.  The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

When reviewing a *pro se* complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015).  However, even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").  In addition, affording a *pro se* complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff is a pretrial detainee currently held in the St. Charles County Jail. On January 14, 2026, plaintiff filed the instant action against St. Charles County Jail and St. Charles County Court. [Doc. 1]. Plaintiff lists a variety of complaints, including being denied a 10% bond, "delay and denial of medically necessary device," lack of appropriate care, being threatened by an inmate, and not seeing the sun due to blacked-out windows. [*Id*. at 3-4]. He also states he has been experiencing "cord issues." [*Id*.]. Regarding injuries, he alleges that he was bitten by a spider and was taken to the emergency room 13 hours after developing a fever. [*Id*. at 4]. He requests monetary damages and a bond reduction. [*Id*. at 5].

**Discussion**

Based on a careful review and liberal construction of the filings before the Court, the Court will dismiss this action.

The sole defendants here are St. Charles County Jail and St. Charles County Court. "Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). A jail, however, is not a distinctly suable entity under 42 U.S.C. § 1983. *See Ketchum v. City of West Memphis, Ark*., 974 F.2d 81, 82 (1992); *Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) ("county jails are not legal entities amenable to suit"); *De La Garza v. Kandiyohi Cty. Jail*, 18 Fed. Appx. 436, 437 (8th Cir. 2001) (affirming district court dismissal of county jail and sheriff's department because they are not suable entities).

3

Further, plaintiff's claims against the St. Charles County Courts are not cognizable because the Circuit Court cannot legally be sued. *See Ketchum v. City of W. Memphis, Ark.*, 974 F.2d at 82 (departments or subdivisions of local government are not "juridical entities suable as such."). Further, state courts are not vulnerable to suits under 42 U.S.C. § 1983 because they are protected by Eleventh Amendment immunity. *Mildfelt v. Circuit Court of Jackson Cty., Mo.*, 827 F.2d 343, 345 (8th Cir. 1987); *see also Harris v. Missouri Court of Appeals, Western Dist.*, 787 F.2d 427, 429 (8th Cir. 1986) (stating that "courts as entities are not vulnerable to § 1983 suits, because they are protected by state immunity under the eleventh amendment"). The only two defendants named in this case are not suable entities under 42 U.S.C. § 1983. Consequently, plaintiff's complaint is legally frivolous and fails to state a claim upon which relief can be granted.

To the extent the plaintiff intends to bring this case against St. Charles County, his complaint still falls short. A local governing body can be sued directly under 42 U.S.C. § 1983. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). To prevail on this type of claim, a plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016). Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018); *see also Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same"). Here, plaintiff has failed to provide any facts that

4

would establish liability under *Monell*.  Plaintiff has not alleged any facts supporting the proposition that an unconstitutional policy or custom exists.  He merely lists several grievances with little to no factual detail or support.  This does not indicate any unconstitutional policy or custom.  Further, plaintiff has provided no allegations or facts indicating a deliberately indifferent failure to train or supervise.  Thus, plaintiff's complaint fails to state a claim against St. Charles County.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed without prepayment of the required filing fees and costs (Doc. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice for failure to state a claim upon which relief can be granted.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

**SO ORDERED** on this 11th day of May, 2026.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE